## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-02776-AB-DFM | Date: | June 16, 2026 |
| Title | Orlando Antonio Olivar-Martinez v. David A. Marin et al | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner: | Attorney(s) for Respondents: |
| Not Present | Not Present |

**Proceedings:   (IN CHAMBERS) Order to Show Cause**

On or about May 13, 2026, Petitioner Orlando Antonio Olivar-Martinez ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus, challenging the revocation of his Order of Supervision and his re-detention under the Fifth Amendment Due Process Clause and the Immigration and Nationality Act and its implementing regulations. See Dkt. 1 ("Petition").[1]

On May 22, 2026, the "Notice of General Order 26-05 and Briefing Schedule" was filed in this action. See Dkt. 5. The Notice directs Respondents to "provide at least two court days' notice to the petitioner, petitioner's counsel, and the Court of its intent to remove the petitioner from the Central District of California" during the pendency of the proceedings. See id.

On May 29, 2026, Respondents filed a Response to the Petition, arguing that the Petition is moot based on Petitioner's removal to El Salvador on May 19, 2026. See Dkt. 9. Petitioner has not replied.

According to: (i) the Declaration of Deportation Officer Miguel Russi, see Dkt. 9 at 5-13; and (ii) Judge Birotte's order denying Petitioner's prior habeas petition, see No. 26-2120, Dkt. 18 ("Prior Order"), Petitioner was served with a Notice of Intent/Decision to Reinstate Prior Order on March 19, 2026. See Dkt. 9 at 7; Prior Order at 2. In mid-April 2026, an Immigration Judge ("IJ") affirmed the negative reasonable fear finding. See Dkt. 9 at 7; Prior Order at 2-3; and see https://acis.eoir.justice.gov/en/ (search A-Number: "206408391," Country of Birth: "El

---

[1] It appears that on or about April 24, 2026, Petitioner filed a separate habeas petition in Case No. 5:26-cv-02120-AB. In that case, Judge Birotte denied the Petition, which presented seemingly similar claims regarding Petitioner's March 19, 2026 re-detention by immigration authorities. See No. 26-2120, Dkts. 1, 18.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Salvador") (last accessed June 16, 2026) (noting that the IJ issued a decision on April 13, 2026, no appeal was received, and there are no future hearings). On April 28, 2026, Petitioner filed a Motion to Reopen his Credible Fear Review with the IJ. See Prior Order at 3. In the Prior Order, Judge Birotte concluded that 8 U.S.C. § 1252(g) barred the habeas court from staying Petitioner's removal pending adjudication of said Motion. See id. at 4.

As stated, Petitioner has not filed a reply in this action. Docket entries mailed to Petitioner were recently returned as undeliverable. See Dkt. 12. Additionally, Petitioner does not appear on ICE's detainee locator system. See https://locator.ice.gov/odls/#/search (search A-Number: "206408391," Country of Birth: "El Salvador") (last accessed June 16, 2026).

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. See Deakins v. Monaghan, 484 U.S. 193, 199 (1988). In the context of a habeas petition, the case or controversy requirement mandates a finding of mootness if the habeas court is unable to provide the petitioner with the relief sought or if the petitioner has received the relief requested in the petition. See Burnett v. Lampert, 432 F.3d 996, 999-1001 (9th Cir. 2005); Munoz v. Rowland, 104 F.3d 1096, 1097-98 (9th Cir. 1997). See also Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007).

"At any stage of the proceeding a case becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution." Abdala, 488 F.3d at 1063 (simplified). For a habeas petition to continue to present a live controversy after the petitioner's release or deportation "there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Id. at 1064 (citations omitted).

In Abdala, a formerly convicted and incarcerated immigrant, whose removal had been ordered by an IJ, brought a federal habeas petition challenging the length of his detention. See id. at 1063. The Ninth Circuit found that the petition had to be dismissed as moot because after removal, successful resolution of the pending claims could no longer provide the requested relief, and the petitioner did not assert any additional "collateral consequences" of removal that the petition could have redressed. See id. at 1065.

Here, Petitioner primarily seeks release from immigration custody. See Petition at 1, 8-10. As it appears that Petitioner has been removed to El Salvador, see Dkt. 9 at 7, successful resolution of the pending claims could not offer him the requested relief. Nor does it appear that Petitioner asserted any "collateral consequences." Therefore, there is no information before the Court to indicate that the Petition currently presents a live case or controversy.

**Petitioner is ORDERED TO SHOW CAUSE within seven (7) days of the date of this Order why the Petition should not be dismissed as moot.** If Petitioner claims that this case is not moot, he must make clear (i) what relief he seeks that has not already been provided; and (ii) what impact Judge Birotte's Prior Order has on the instant Petition. In lieu of a written response,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

the Court will construe the filing of either (i) a notice of voluntary dismissal; or (ii) an amended petition as sufficient to discharge this Order.